UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL IRWIN BUCHMANN,<br><br>        Petitioner,<br><br>  vs.<br><br>ALICE PAYNE,<br><br>        Respondent. | NO.  CV-06-090-EFS<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITH PREJUDICE** |

BEFORE THE COURT is Petitioner's Second Amended Petition (Ct. Rec. 9). Petitioner, a prisoner at the McNeil Island Correction Center is proceeding *pro se*; Respondent has not been served. After review of the Second Amended Petition, the court finds Mr. Buchmann has failed to amend his Petition to demonstrate his federal habeas claims are both timely under 28 U.S.C. § 2244(d), and were properly exhausted to the State's highest court. *See Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

In 2001, Petitioner was convicted in Grant County of First Degree Rape and First Degree Kidnaping. He was sentenced to 120 months incarceration. Petitioner indicates he filed a direct appeal raising claims of violations of his right to confrontation, speedy trial, and

ORDER DISMISSING SECOND AMENDED PETITION WITH PREJUDICE -- 1

due process when evidence was suppressed.  He also claimed trial court error, prosecutorial misconduct and ineffective assistance of counsel. He did not raise these issues to the Washington State Supreme Court on direct appeal.

Petitioner indicates he asserted to the Washington State Supreme Court that he had been denied the right to proceed *pro se* and denied access to the courts when he was separated from his legal documents from January 2, 2002, until February 26, 2002.  Petitioner's *pro se* supplemental brief was due in the Court of Appeals, Division III, on January 28, 2002.  Petitioner was granted an extension of time until February 21, 2002, to file that brief.  He claims he was forced to submit a *pro se* supplemental brief which did not contain all his issues and was unsupported by the record due to the separation from his legal documents.  He does not, however, indicate that he sought and was denied a further extension of time, or that he filed a motion and/or an amended *pro se* supplemental brief after receiving his legal documents on February 26, 2002, and before the Court of Appeals issued its opinion on October 31, 2002.

Petitioner also asserted to the Washington State Supreme Court that he had been denied effective assistance of counsel on appeal, and there were speedy trial and double jeopardy violations. Petitioner indicates the Washington State Supreme Court dismissed his petition on July 8, 2003.  Assuming the date of July 8, 2003, represented the date the Washington courts concluded review of Mr. Buchmann's appeal, the federal limitations period began to run 90 days thereafter, on October 6, 2003. *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999).  Therefore,

ORDER DISMISSING SECOND AMENDED PETITION WITH PREJUDICE -- 2

Petitioner had until October 5, 2004, to file his federal habeas petition.

Mr. Buchmann indicates he filed Personal Restraint Petitions in the state courts on June 18, 2004, and September 7, 2004, which, liberally construing the dates he provided, were pending until February 23, 2005, when a motion for additional time was denied. Petitioner then waited until March 23, 2006, to submit his initial federal habeas petition. He does not account for this delay.

In any event, even if the federal period of limitations under 28 U.S.C. § 2244(d)(1) was tolled between June 18, 2004, and February 23, 2005, more than nine months of the limitations period had already expired, and Mr. Buchmann would have had less than three months after February 23, 2005, to file his federal habeas petition. He did not do so. The present petition is untimely.

An additional defect of the Second Amended Petition is Mr. Buchmann's failure to delineate his federal habeas claims. Rather than setting forth any grounds for federal habeas relief, Mr. Buchmann references an appendix containing a copy of his Motion for Discretionary Review to the Washington State Supreme Court, apparently filed in January 2003, along with other documents supporting that motion. This does not comply with the requirements of Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, to specify all the grounds for relief available and the facts supporting each ground.

Although granted numerous opportunities to amend his Petition to demonstrate he timely filed it in this court and to show he has exhausted each of his claims for relief in the state courts, Petitioner

ORDER DISMISSING SECOND AMENDED PETITION WITH PREJUDICE -- 3

has failed to do so.  A state prisoner must exhaust State Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Bland v. Calif. Dept. of Corrections*, 20 F.3d 1469, 1472 (9th Cir. 1994).  Mr. Buchmann has not done so.

For the reasons set forth above and in the Court's previous Orders, **IT IS ORDERED** the Second Amended Petition is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244, for failure to comply with Habeas Rule 2, and for failure to exhaust state court remedies.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file.

**DATED** this____15th_____day of December 2006.

                                                          S/ Edward F. Shea
                                                          EDWARD F. SHEA
                                        UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\6cv90efs-12-13-hcdis.wpd

ORDER DISMISSING SECOND AMENDED PETITION WITH PREJUDICE -- 4